O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**# 6/8**
**June 7 hrg vacated / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1959 PSG (AGRx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. DB Home Lending, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion for Leave To Amend Complaint and GRANTING Plaintiff's Motion for Order Remanding Case to State Court

Before the Court are Plaintiff's motion for leave to amend the complaint and for an order remanding this case to state court. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Plaintiff's motions, the Court GRANTS the motions.

I.  Background

On October 19, 2009, Plaintiff Francisco Ortiz ("Plaintiff") filed this action in Los Angeles County Superior Court against Defendants DB Home Lending, LLC, Chicago Title Company, Trustee Corps., and Mortgage Electronic Registration Systems, Inc., erroneously sued as Mortgage Electronic Registration System Inc. ("MERS").[1]

Based on allegations of wrongful conduct in connection with loans made to Plaintiff and secured by his real property, the complaint purports to state the following claims against Defendants: 1) violations of the Truth in Lending Act ("TILA"), 2) violation of Cal. Bus. & Prof. Code § 17200 - unlawful business practices (TILA), 3) violation of Cal. Bus. & Prof. Code § 17200 - unfair and fraudulent business practices, 4) fraudulent omission, 5) violation of Cal.

---

[1] Defendant Trustee Corps was voluntarily dismissed on April 16, 2010.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**# 6/8
June 7 hrg vacated / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1959 PSG (AGRx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. DB Home Lending, LLC *et al.* | | |

Bus. & Prof. Code § 17200 - unlawful business practices (Cal. Fin. Code § 22302), 6) quiet title, 7) rescission based on fraud, 8) unfair debt collection practices, 9) breach of fiduciary duty, 10) breach of contract, 11) breach of the covenant of good faith and fair dealing, and 12) declaratory and injunctive relief.

On March 18, 2010, Defendant MERS removed the case to this Court on federal question grounds.

On April 16, 2010, Plaintiff filed two motions: a motion for leave to amend the complaint and a motion for an order remanding the case to state court.

II.    Plaintiff's Motion for Leave to Amend the Complaint

   A.   Legal Standard

A plaintiff may amend the complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after service of an answer or motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff may amend the complaint only with the defendant's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

   B.   Discussion

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff seeks leave to file his proposed First Amended Complaint (Dkt # 6-1), which, according to Plaintiff, eliminates all allegations supporting federal question jurisdiction. Plaintiff's motion is unopposed. Pursuant to Local Rule 7-12, the Court deems Defendants' failure to file a timely opposition to be consent to the granting of Plaintiff's motion. *See* L.R. 7-12. Accordingly, and noting the liberality with which leave to amend should be given, *see* Fed. R. Civ. P. 15(a)(2), the Court grants Plaintiff's motion for leave to amend the complaint and deems Plaintiff's proposed First Amended Complaint to be filed as of the date of entry of this order.

III.   Plaintiff's Motion for Remand

   A.   Legal Standard

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**# 6/8**
**June 7 hrg vacated / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1959 PSG (AGRx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. DB Home Lending, LLC *et al.* | | |

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:1084 (The Rutter Group 2009) (internal quotations omitted); 28 U.S.C. § 1447(c). A motion to remand on the basis of a procedural defect must be made within thirty days of filing of the notice of removal. 28 U.S.C. § 1447(c). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See id.*; *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991).

    B.    <u>Discussion</u>

Plaintiff argues that the Court should remand this case for two reasons. First, Plaintiff contends that the Court lacks subject matter jurisdiction, since no claims in Plaintiff's First Amended Complaint "arise under" federal law. Second, Plaintiff contends that Defendant MERS failed to remove the action within thirty days of receiving the complaint, as required by 28 U.S.C. 1446(b). The Court chooses to remand this case on jurisdictional grounds and, therefore, need not address Plaintiff's second argument.

Defendant MERS removed this case on the grounds that it alleged violations of federal statutes–namely, TILA, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act–and thus stated claims "arising under" federal law. *See Notice of Removal* ¶¶ 11-13. As discussed above, those allegations have been removed from Plaintiff's First Amended Complaint.

Defendant MERS contends, however, that the Court's subject matter jurisdiction is determined by reference to Plaintiff's claims at the time of removal and that Plaintiff cannot compel remand by amending his complaint to eliminate federal claims. *See Opp.* 2:23-3:2, 4:19-5:22. Properly speaking, MERS is correct. First, it is true that where a claim "arising under" federal law exists at the time of removal, a federal court has subject matter jurisdiction over the action, even if the federal claim drops from the case and only state law claims remain. *See Sparta Surgical Corp. v. NASD,* 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."); *Nishimoto v. Federman--Bachrach & Assocs.,* 903 F.2d 709, 715 (9th Cir. 1990). It is also true that "a plaintiff may not *compel* remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical,* 159 F.3d at

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**# 6/8**
**June 7 hrg vacated / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1959 PSG (AGRx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. DB Home Lending, LLC *et al.* | | |

1213 (emphasis added). However, once all federal claims are eliminated from an action over which there is federal question jurisdiction, federal courts have the discretion to decline supplemental jurisdiction over the remaining state law claims and remand them back to the state court.[2] *See Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir. 1991). In fact, where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court *should* decline the exercise of jurisdiction." *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (emphasis added). For this reason, then, the Court declines to exercise its jurisdiction over the state law claims remaining in this action and, accordingly, grants Plaintiff's motion to remand.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend the complaint. The Court deems Plaintiff's Verified First Amended Complaint, filed as "Exhibit" to Plaintiff's motion for leave to amend the complaint (Dkt # 6-1), to be filed as of the date of entry of this order.

Further, the Court GRANTS Plaintiff's motion for an order remanding this case to state court. Accordingly, the Court REMANDS this action to state court.

**IT IS SO ORDERED.**

---

[2] This principle does not apply where the court also has diversity jurisdiction over the case. *See Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976-77 (9th Cir. 2006). The parties do not contend, and the First Amended Complaint does not indicate, that the Court has diversity jurisdiction over this case.